In the

# United States Court of Appeals
## For the Seventh Circuit

No. 19-2904

LEFT FIELD MEDIA LLC,

*Plaintiff-Appellant,*

*v.*

CITY OF CHICAGO, ILLINOIS,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15 C 3115 — **Jorge L. Alonso**, *Judge.*

SUBMITTED MAY 6, 2020[*] — DECIDED MAY 15, 2020

Before EASTERBROOK, HAMILTON, and BRENNAN, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Four years ago we held that Chicago is entitled to limit sales on the streets adjacent to Wrigley Field, home of the Chicago Cubs. *Left Field Media LLC v. Chicago*, 822 F.3d 988 (7th Cir. 2016). But we remand-

---

[*] The parties' joint motion to waive oral argument is granted.

ed for further proceedings on a magazine seller's contention that an ordinance requiring all peddlers to be licensed is invalid because of an exception for newspapers. *Id*. at 991–94.

Requiring speakers to be licensed is problematic, doubly so when government distinguishes among kinds of speech. See, e.g., *Reed v. Gilbert*, 135 S. Ct. 2218 (2015); *Watchtower Bible & Tract Society of New York, Inc. v. Stratton*, 536 U.S. 150 (2002). Our opinion pointed out, however, that Left Field Media, which publishes the magazine *Chicago Baseball*, had never applied for a license, for itself or any of its peddlers, and that none of the peddlers had ever been ticketed for not having a license. Perhaps Chicago has always treated *Chicago Baseball* as a newspaper. It was therefore not clear that the case presented a justiciable controversy.

On remand Left Field Media asked the district judge to enjoin operation of the peddler's-license requirement. Before the judge acted, however, Chicago amended its ordinance to eliminate the distinction of which Left Field Media complains. The amended ordinance, which took effect on November 1, 2016, provides:

> It shall be unlawful for any person to engage in the business of a peddler without first having obtained a street peddler license under this chapter. Provided, however, a street peddler license is not required for selling, offering or exposing for sale, or soliciting any person to purchase, only newspapers, periodicals, pamphlets, or other similar written materials on the public way.

Chicago Municipal Code §4-244-030. Whether *Chicago Baseball* is a newspaper or a magazine no longer matters, and Left Field Media withdrew its request for an injunction.

Still, it contended, it should receive an award of damages to compensate for injury before the City amended the ordi-

nance. It identified as expenses the costs it had incurred—after our mandate issued (June 21, 2016) and before being notified (October 15) that the old ordinance would no longer be enforced—in researching how the license requirement worked and discussing licensing with its sellers. Matthew Smerge, Left Field Media's owner and principal employee, added that the ordinance had caused him emotional distress.

The district court dismissed the suit for want of a justiciable controversy. The judge did not doubt that the categories of expenses Left Field Media had identified could in principle support an award of damages. But the judge stated that, because all of the asserted injury occurred after Left Field Media filed suit, any loss is not compensable.

The judge did not cite any authority for the conclusion that injury during the course of litigation cannot support an award of damages, and we are not aware of any. Even while litigation continues people must mitigate their damages, often at some expense to themselves. If Left Field Media and its vendors could neither secure licenses nor obtain relief against the ordinance, it would go out of business. Pursuing both avenues at once increases the chance of success.

Chicago does not defend the ground on which the district court dismissed the suit. Instead it contends that Left Field Media did not show any injury at all.

Let us start with the contention that the very existence of the ordinance, and the threat it posed to his business, caused Smerge emotional distress. Apart from doctrines that prevent awards of damages for emotional distress in the absence of physical injury, see *Metro-North Commuter R.R. v. Buckley*, 521 U.S. 424 (1997), there is the fact that Smerge is

not a litigant. The sole plaintiff is Left Field Media LLC, a business organization. Businesses lack emotions. A business cannot engage in reverse veil piercing to recover damages for a loss suffered by an investor. See, e.g., *In re Deist Forest Products, Inc.*, 850 F.2d 340 (7th Cir. 1988); *Mid-State Fertilizer Co. v. Exchange National Bank*, 877 F.2d 1333 (7th Cir. 1989).

The expenses that Left Field Media claims to have incurred on its own behalf are those of unspecified efforts to learn how the licensing system worked and what peddlers needed to do. "Unspecified" is the key word. Left Field Media does not tell us what these efforts entailed, concretely, or what they cost. It never applied for a peddler's license, so it did not pay the $100 fee or incur any related expense. Its claim appears to rest wholly on the value of Smerge's time. Its brief depicts Smerge as a one-man band. But if he is a full-time employee of Left Field Media, the firm has already purchased the value of his time. To recover damages, it would need to show some marginal expense, such as overtime wages. Nothing of the kind has been asserted, however.

Suppose instead that Smerge is not a full-time employee and needed to divert extra hours to Left Field Media's business. In that event the business's loss would be the additional compensation needed to purchase this time; once again, however, Left Field Media does not contend that it incurred expenses of that kind. (Smerge might have suffered loss of his own if he had to devote more time to Left Field Media's business and less to other endeavors. An opportunity cost is a real cost. But we've already explained why Left Field Media cannot recover for Smerge's losses.)

Left Field Media also asserts that it incurred legal fees. If it paid a lawyer to find out how to get licenses, or to file ap-

plications, that could justify an award of damages. By contrast, the legal fees needed to pursue this litigation are not compensable, except under a fee-shifting statute such as 42 U.S.C. §1988. Left Field Media has not filed an affidavit from either Smerge or a lawyer explaining how much, if anything, it paid in an effort to comply with the ordinance, as opposed to an effort to have the ordinance held unconstitutional.

And that's all there is. Because Left Field Media has not offered details, it would not be possible to conclude that it suffered even a dollar in marginal costs. A plaintiff need not do much to support an award of damages, but it must do *something*. Left Field Media has not seriously tried to show an injury, so the district court's judgment is

AFFIRMED.